JEROME WATTS,

Plaintiff,

v.                                                                  Case No. 26-cv-0257-bhl

GREEN BAY CORRECTIONAL INSTITUTION,
JANE DOE NURSE PRACTITIONER, and
STATE OF WISCONSIN,

Defendants.

## SCREENING ORDER

Plaintiff Jerome Watts, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint[1] under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Watts' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Watts has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Watts has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $3.32. Watts' motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any

---

[1] On February 17, 2026, about a week after he filed his complaint, Watts filed a slightly revised page 4 of the complaint to clarify that he is seeking monetary damages. *Compare* Dkt. No. 1 at 4 *and* Dkt. No. 5. The Court will grant Watts' implied request to replace page 4 of his complaint with the latter filed page.

complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Watts asserts that in 2003, he was shot in the face, after which he developed uncontrollable seizures. He also says he suffers from anger issues, which has been diagnosed as intermediate explosive disorder. According to Watts, in February 2025, Jane Doe Nurse Practitioner denied him his seizure medication on the basis that his diagnosis was not recorded in the prison's electronic database. Watts states that he has tried to get officials to recognize his seizure disorder by referring them to hospital records and records from other institutions, but he is still being denied his medication. Dkt. Nos. 1, 5.

2

"[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)).

With the foregoing standard in mind, the Court will allow Watts to proceed on an Eighth Amendment medical care claim against Jane Doe Nurse Practitioner based on allegations that she abruptly cancelled Watts' seizure medication that he had been taking for decades and refused to check his prior records to determine whether the information in the electronic database was accurate. Watts does not, however, state a claim for monetary damages against Green Bay Correctional Institution or the State of Wisconsin because neither is a suable "person" within the meaning of §1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). Moreover, to the extent Watts seeks injunctive relief, the doctrine of respondeat superior cannot be used to hold an employer liable for the misconduct of its employees. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Because Watts does not know the name of the nurse practitioner, the Court will add Warden Chris Stevens as a defendant for the limited purpose of helping Watts learn her name. *See Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). Warden Stevens does not have to respond to the complaint. After Warden Stevens' attorney files an appearance in this case, Watts may serve discovery requests upon Warden Stevens' (by mailing them to his attorney at the address in the notice of appearance) to get information that will help him learn the name of the nurse practitioner.

For example, Watts may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Watts does not state a claim against Warden Stevens, his discovery requests must be limited to information or documents that will help him learn the name of the nurse practitioner. Watts may not ask Warden Stevens about any other topic, and Warden Stevens is under no obligation to respond to requests about any other topic.

3

After Watts learns the name of the nurse practitioner, he must file a motion to identify her. The Court will dismiss Warden Stevens as a defendant once Watts informs the Court of her name. After the Defendant has an opportunity to respond to Watts' complaint, the Court will set a deadline for discovery. At that point, Watts may use discovery to get the information he believes he needs to prove his claim.

Watts must identify the name of the Doe Defendant within ninety days of Warden Stevens' attorney filing a notice of appearance. If he does not or does not explain to the Court in writing why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it. Civil L. R. 41(c).

**IT IS THEREFORE ORDERED** that Watts' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Watts does not state a claim against Green Bay Correctional Institution or the State of Wisconsin, so the clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that Warden Chris Stevens shall be named as a defendant for the limited purpose of helping Watts learn the nurse practitioner's name. The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, copies of the complaint and this order shall be electronically sent today to the Wisconsin Department of Justice for service on Warden Chris Stevens.

**IT IS FURTHER ORDERED** that Warden Stevens does not have to respond to the complaint; however, he shall respond to discovery requests that Watts serves in an effort to identify the nurse practitioner's name. Warden Stevens does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Watts must inform the Court of the nurse practitioner's name within ninety days of Warden Stevens' attorney filing an appearance in this case. If Watts does not do so or does not advise the Court in writing why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Watts is located.

4

**IT IS FURTHER ORDERED** that the agency having custody of Watts shall collect from his institution trust account the $346.68 balance of the filing fee by collecting monthly payments from Watts' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Watts is transferred to another institution, the transferring institution shall forward a copy of this Order along with Watts' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Watts is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 29th day of April, 2026.

> s/ *Brett H. Ludwig*
> BRETT H. LUDWIG
> United States District Judge

5